# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VAVA HORTON,

                Plaintiff,

v.

MILWAUKEE COUNTY
TRANSPORT SERVICE,

                Defendant.

Case No. 19-CV-1767-JPS

**ORDER**

      Plaintiff filed a *pro se* complaint related to her former employment with Defendant. (Docket #1). This matter comes before the court on Plaintiff's motion for leave to proceed *in forma pauperis*. (Docket #2). In order to allow a plaintiff to proceed without paying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the fee. 28 U.S.C. §§ 1915(a). Plaintiff avers that she earns approximately $1,400 per month, while her monthly expenses approach $1,800. (Docket #2 at 2–3). She has no savings and is currently in a Chapter 13 bankruptcy repayment plan. *Id.* at 3–4. The Court is satisfied that Plaintiff is unable "to provide h[er]self . . . with the necessities of life" if required to pre-pay the $400.00 filing fee in this matter. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The Court will therefore grant her motion for leave to proceed *in forma pauperis*.

      However, notwithstanding the payment of any filing fee, the Court must dismiss the complaint of a person proceeding *in forma pauperis* if it raises claims that are "frivolous or malicious," which fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Plaintiff's allegations are not terribly clear, but the Court can glean the following. She was employed with Defendant for many years, but was recently terminated because of a "code violation." (Docket #1 at 2). The Court assumes that a "code violation" means that she committed some sort of error in her work. Plaintiff claims that many other employees made similar code violations but were either kept on or at least allowed to resign. *Id.* at 3.

Plaintiff then offers two anecdotes about her employment. The first is that one day when she was off of work on medical leave pursuant to the Family Medical Leave Act ("FMLA"), 28 U.S.C. § 2601 *et seq.*, her supervisor told an assembled group of employees about the medical reason for her absence. *Id.* at 2–3. The second is that a different supervisor would sometimes "call me in the office and speak about his personal (sex) life." *Id.* at 3.

Plaintiff's complaint fails to invoke this Court's jurisdiction. Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal

question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a). Despite Plaintiff's allegation otherwise, (Docket #1 at 4), diversity jurisdiction is clearly lacking, as both Plaintiff and Defendant are located in Wisconsin.

Plaintiff did not check the box on the complaint form stating that she intended to sue "for a violation of federal law[.]" *Id.* Nevertheless, even if this was an error on her part, her allegations do not state a claim for relief under any federal employment statutes. Plaintiff does not say that her termination was because of her membership in a protected class, which would violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, or because she took FMLA leave, which may constitute unlawful retaliation. Rather, simply being terminated for making a work-related error is not, absent other circumstances, any form of actionable harassment. Even if Plaintiff claimed that the firing was related to the anecdotes she provided, Plaintiff would need to offer much more detail about the events surrounding them—the identity of the people responsible, what they said, when they said it, and why it constituted a form of harassment rather than mere vulgarity—to get anywhere close to a plausible case of workplace misconduct.

The Court will afford Plaintiff an opportunity to amend her complaint to cure the deficiencies described in this Order. If she wishes to proceed, she must file an amended complaint on or before **January 10, 2020**. Failure to file an amended complaint within this time period will result in dismissal of this action. Civ. L. R. 41(c).

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Court of Appeals emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, the Court will screen it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to *proceed in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with the terms of this Order on or before **January 10, 2020**, or this action will be dismissed without prejudice for her failure to prosecute it.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge