# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VAVA HORTON,

                Plaintiff,

v.

MILWAUKEE COUNTY
TRANSPORT SERVICE,

                Defendant.

Case No. 19-CV-1767-JPS

**ORDER**

      The Court screened Plaintiff's original complaint on December 20, 2019, noting that her allegations presented a disjointed narrative about her being terminated, disclosure of medical information she wanted to keep private, and some inappropriate sexual comments by a supervisor. (Docket #4). The Court found that Plaintiff's complaint did not state any actionable claims under federal law, but nevertheless ordered Plaintiff to file an amended complaint to further expound upon her allegations. *Id.*

      Plaintiff filed her amended complaint on January 10, 2020. (Docket #5). The Court will screen it on the same basis as with the original complaint. (Docket #4 at 1–3). The amended complaint does not, unfortunately, cure any of the deficiencies of the original complaint. As with the original, the amended complaint still discusses three separate issues: 1) a co-worker disclosed some medical information about Plaintiff to a group of employees; 2) a supervisor made inappropriate sexual comments to Plaintiff and other female employees; and 3) other employees were fired and brought back, suggesting that Plaintiff believes that she too should be re-hired. (Docket #5).

As the Court explained in its prior screening order, federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a).

Plaintiff states that the disclosed medical issue was connected with her taking leave pursuant to the Family and Medical Leave Act ("FMLA"). She apparently believes that the FMLA protects her medical information from disclosure. This is false. The FMLA protects employees from being denied FMLA leave when they are entitled to it, *Scruggs v. Carrier Corp.*, 688 F.3d 821, 825, (7th Cir. 2012), and from being retaliated against by their employer for taking FMLA leave, *Goelzer v. Sheboygan Cty., Wis.*, 604 F.3d 987, 995 (7th Cir. 2010). Plaintiff's allegations do not fit within either theory.

Plaintiff's concerns with her supervisor's sexual commentary invoke the protections of Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII protects employees from many forms of workplace harassment and discrimination, including sexual harassment. *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 880–84 (7th Cir. 2018). Though Plaintiff is understandably unhappy with her supervisor's behavior, she does not allege that she was fired for complaining about it, which would constitute sex discrimination. *Id.* Plaintiff also does not allege that the comments created a work environment so hostile that it altered the conditions of her employment and interfered with her ability to do her work. *Id.* Thus, she does not state a claim under Title VII.

Finally, Plaintiff's discussion about why other employees were brought back does not invoke any claims under federal law. The vast majority of employees in this country are "at-will," meaning they can be fired for any reason at all. Plaintiff does not allege that she had an employment contract with Defendant which would protect her job. Even if she did, the claim would not belong in federal court. A breach of contract claim arises under state law, and the parties here are not diverse. The Court offers no opinion as to whether Plaintiff has any other available claims under state law.

In light of the foregoing, the Court will dismiss this action for Plaintiff's failure to state any viable claims upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of January, 2020.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge